UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

LARRY LAMONT COLLINS,

*Defendant-Appellant.*

No. 01-4023

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-00-50)

Submitted: June 22, 2001

Decided: July 2, 2001

Before LUTTIG, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Brian M. Aus, Durham, North Carolina, for Appellant. Benjamin H. White, Jr., United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Larry Lamont Collins was convicted by a jury of possession of 63 grams of crack cocaine with intent to distribute, 21 U.S.C.A. § 841(a) (West 1999) (Count One), possession of 24 grams of cocaine with intent to distribute, 21 U.S.C.A. § 841(a) (Count Two), and possession of a firearm (a Maveric Arms shotgun) by a convicted felon, 18 U.S.C.A. § 922(g)(1) (West 2000) (Count Three). He appeals his conviction on Count Three, the firearms charge, and his sentence of 240 months imprisonment for Counts One and Two. For the reasons that follow, we affirm.

Two law enforcement officers placed Collins under surveillance after receiving a tip that Collins had been seen selling drugs in front of an abandoned house in Candor, North Carolina. The officers observed four different individuals approach Collins in his car, which was parked across the street from the abandoned house. Each time, Collins went to the porch of the abandoned house and then returned and made an exchange with the person who had approached him. At one point, Collins went to his grandmother's home, two blocks away, let himself in with a key, and returned immediately with a shoebox, which he concealed in a pump house next to the abandoned house.

Based upon the officers's surveillance of this activity, they detained Collins for investigatory purposes. The officers then obtained consent from the owner of the abandoned house to search the pump house and the area surrounding the abandoned house. In the pump house, the officers found a Timberland boot box containing 57 grams of crack, 19.6 grams of cocaine, and 140.5 grams of marijuana, as well as a digital scale, plastic bags, and a calculator. Under a flower pot on the porch of the abandoned house, they found 6 grams of crack, 4.4 grams of cocaine, and 5.9 grams of marijuana. Collins was placed under arrest and charged with multiple felony drug offenses. At the time of arrest, the officers found $1,366 in cash on Collins.

The officers then obtained permission from Collins's grandmother to search her house. In a bedroom, they found another Timberland

shoe box containing marijuana residue, the box for the digital scale found in the pump house, plastic bags, and several papers with Collins's name on them. One of these was Collins's savings account book, showing a deposit in November 1999. The officers found a pistol in the room, and a Maveric Arms shotgun under the mattress. A leather coat hanging in the room had $3,150 in the pocket.

Collins stipulated that he had been convicted of the two prior convictions alleged in the indictment. The jury answered in the affirmative a special interrogatory asking whether the Government had proved that Collins possessed the shotgun charged in the indictment. Collins moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 at the close of the Government's evidence and again after the jury returned its verdict. Both motions were denied by the district court.

On appeal, Collins argues that the district court erred in denying his Rule 29 motions. We review de novo the district court's decision to deny a motion for judgment of acquittal. *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998) (citations omitted). Where, as here, the motion is based upon insufficient evidence, the relevant question is not whether the reviewing court is convinced of guilt beyond reasonable doubt, but, "viewing the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the Government, whether the evidence adduced at trial could support any rational determination of guilty beyond a reasonable doubt." *United States v. Burgos*, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc) (internal quotation marks omitted). If substantial evidence exists to support a verdict, the verdict must be sustained. *See id.* Moreover, this Court "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982).

The evidence before the jury in this case easily supports the inferences that Collins was using the bedroom to store his drugs and to store the proceeds of his drug sales and that he possessed the firearms in the room, whether by actual or constructive possession. Therefore, we find that substantial evidence supports the jury's verdict.

Collins also challenges the district court's decision to impose a two-level enhancement for possession of a dangerous weapon under *United States Sentencing Guidelines Manual* § 2D1.1(b)(1) (2000). Application Note 3 to § 2D1.1 provides that the enhancement should be applied "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." Collins argues that the district court clearly erred in finding that Collins failed to carry his burden of demonstrating that it was clearly improbable that the firearms were connected with the drug offense. Collins maintains that it is illogical to think that he would keep the firearms in the bedroom and not carry them on the street while he was selling drugs if indeed the firearms were intended to protect his drugs and money. However, we have held that "the proximity of guns to illicit narcotics can support a district court's enhancement of a defendant's sentence under Section 2D1.1(b)(1)." *United States v. Harris*, 128 F.3d 850, 853 (4th Cir. 1997). Under *Harris*, the district court's finding was not clearly erroneous.

We therefore affirm Collins's conviction and the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

*AFFIRMED*